# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2445

———————

United States of America,      *
     *
          Appellee,      *
     *
       v.      *    Appeal from the United States
     *    District Court for the
Mathias Pizano,      *    Southern District of Iowa.
     *
          Appellant.      *    [UNPUBLISHED]

———————

Submitted: September 5, 2007
Filed: October 4, 2007

———————

Before BYE, HANSEN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

A jury found Mathias Pizano guilty of conspiring to launder money, conspiring to distribute cocaine and marijuana, making false statements to a financial institution, and engaging in transactions in criminally derived property. We previously vacated his sentence and remanded for the district court[1] to give further consideration to applying an enhancement for sophisticated laundering under U.S.S.G. § 2S1.1(b)(3). See United States v. Pizano, 421 F.3d 707, 733-34 (8th Cir. 2005), cert. denied, 546 U.S. 1204 (2006). On remand, the district court applied the enhancement and

———————

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

sentenced Pizano below the resulting advisory Guidelines range to 420 months in prison and 5 years of supervised release. On appeal, his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and he has filed a pro se supplemental brief. For the reasons discussed below, we affirm.

First, it did not violate the Sixth Amendment for the district court to engage in judicial fact-finding at sentencing by a preponderance of the evidence within an advisory Guidelines system. See United States v. Sandoval-Rodriguez, 452 F.3d 984, 990-91 (8th Cir.), cert. denied, 127 S. Ct. 600 (2006). Second, the district court properly understood and complied with this court's instructions to revisit the sophisticated-laundering enhancement by applying the correct legal standard. See Pizano, 421 F.3d at 733-34. Third, Pizano has not shown that his sentence is unreasonable, i.e., that the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only the appropriate factors but committed a clear error of judgment in weighing those factors. See United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005). Finally, after reviewing the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we conclude that there are no non-frivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we deny Pizano's motion for the appointment of new counsel.

_____